UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| C&B MARLBOROUGH ASSOCIATES, LLC,<br>　　Plaintiff,<br><br>v.<br><br>MARLBOROUGH HOLDING COMPANY, LLC,<br>　　Defendant. | No. 22-cv-83-JJM-LDA |

## ORDER

Before the Court is Defendant Marlborough Holding Company, LLC's ("Marlborough") Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Insufficient Service of Process. ECF No. 6. If the Court would deny Defendant's motion, Marlborough asks the Court to transfer this matter to the District of Connecticut. *Id.* at 2. Plaintiff C&B Marlborough Associates, LLC opposes this motion on the grounds that the Court has specific jurisdiction over Marlborough, and, therefore, venue is proper in the District of Rhode Island.

There are two types of personal jurisdiction, at least one of which must be met for a federal court to exercise jurisdiction over a defendant. The first type of jurisdiction is general personal jurisdiction. General jurisdiction looks to "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (alteration in original) (internal quotations omitted). When this

occurs, "a defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999). In addition to the "continuous and systematic" basis for general personal jurisdiction, a defendant may also be "at home" in "its state of incorporation and the state that houses its principal place of business." *Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 57 (1st Cir. 2020).

The Court has no general personal jurisdiction over Defendant Marlborough. Marlborough is a Delaware corporation with its principal place of business in Massachusetts. Its sole member is also a Maryland company. *See* ECF No. 6-1 at 8. Moreover, Marlborough's contacts with Rhode Island are not continuous and systematic to satisfy personal jurisdiction. Because this matter is a breach of contract with regard to land situated in Connecticut, the Court finds it would "offend traditional notions of fair play and substantial justice" to allow this matter to proceed in this jurisdiction based on general personal jurisdiction. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

The second type of personal jurisdiction is specific personal jurisdiction. "Specific jurisdiction analysis under the Due Process Clause has three distinct components: relatedness, purposeful availment, and reasonableness. An affirmative finding on each of these elements is needed to support a specific jurisdiction finding."

2

*Bluetarp Fin., Inc. v. Matrix Const. Co.*, 709 F.3d 72, 80 (1st Cir. 2013) (citation omitted). Because all these elements must be met, "[t]he inquiry ends if the plaintiff fails to establish relatedness . . . ." *Quick Fitting, Inc. v. Wai Feng Trading Co.*, No. CA 13-56S, 2015 WL 5719503, at *5 (D.R.I. Feb. 27, 2015), *report and recommendation adopted*, No. CA 13-056S, 2015 WL 5719571 (D.R.I. Sept. 29, 2015) (citing *Phillips Exeter Acad.*, 196 F.3d at 288 (1st Cir. 1999)).

As indicated, the first step in the analysis is that the cause of action must be related to the forum. The most pertinent contact that the parties have to the state of Rhode Island is that the contract was negotiated here. However, this fact alone is insufficient because "in a contract case, the defendant's forum-based activities must be instrumental in the formation of the contract" for there to be specific personal jurisdiction. *See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). The Court does not find this to the case here. As a result, the forum is not sufficiently related to the cause of action.[1]

It is within the Court's authority to transfer this matter if there is no personal jurisdiction, and necessarily venue is improper. Venue is governed by 28 U.S.C. § 1391. This statute provides that a

> civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

---

[1] Additionally, the alleged breach of the contract did not occur in Rhode Island; it occurred in Connecticut. As a result, the purported cause of action accrued in Connecticut.

3

28 U.S.C. § 1391(b). If venue is improper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

This matter concerns a residential lease in Connecticut and an alleged breach of that lease. As a result, venue (and necessarily jurisdiction) would have been proper if it were brought within that judicial district. Because the Court has the power to transfer a civil action to another district where it could have been brought in the first instance, the Court transfers this matter to the District of Connecticut. The Court finds doing so to be in the interests of justice and would be more convenient for the parties and witnesses.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States Chief District Judge

May 18, 2022